# CURRENT COURT OF APPEALS--Continued

## No. 703

### HOLLINGER v. HYATT

Ohio Appeals, 3d District, Seneca County.
No. 134. Decided May 5, 1923

This opinion has not been published except in Abstract

### 127. COVENANTS.

(1) Eviction constitutes breach of covenant in deed, entitling party to damages

HUGHES, J

#### Epitomized Opinion

This was an action brought by the executor of Susan Cross to recover the balance due on certain notes In 1915 one Hamilton Cross died intestate, leaving his undivided one-ha_f interest in 102 acres of land to his wife, Susan. The one-quarter interest came to him by devise and the other one-quarter came to him by purchase, hence his widow fell heir to the fee simple estate in the undivided one-quarter interest and a life estate in the other one-quarter interest. Later the widow sold the fee simple of the entire undivided one-half interest to one Wolpert for $5,000. A portion of the purchase price was paid by note, secured by mortgage. In 1917 the executor of Susan Cross brought this action on a note for the remaining $2,000 of the purchase price. Wolpert's executor set up a breach of warranty. The trial court rendered judgment for each party. In 1916 one of the brothers of Hamilton Cross brought a partition suit, claiming to be the owner of an undivided one-quarter interest of his deceased brother's estate. The trial court found in favor of the brother. After this decree, the grantee of Susan Cross joined with the other tenants in common, in a conveyance to a stranger. In sustaining the judgment of the lower court in regard to defendant's right to recover the judgment given her by the trial court for breach of warranty, the Court of Appeals held:

1. As the partition suit was equivalent to an eviction, the defendant was entitled to damages for the breach of the covenant in the deed from Susan Cross to defendant.

Attorneys—Frank T. Dore, John W. Leshy, for Follinger; Roy & Spitler, for Hyatt.

## No. 704

### WITT v. McDONOUGH et al

Ohio Appeals, 8th District, Cuyahoga County
No. 5058. Decided Aug. 15, 1923

This opinion has not been published except in Abstract.

### 164A. ELECTIONS.

(1) Filing of nominating petition takes place at time the petitioner presents petition to board of elections—(2) Duty of board of election to notify petitioner within 10 days after filing.

LEVINE, J.

#### Epitomized Opinion

Peter Witt, a candidate for council at the City of Cleveland in the November election filed an application for a writ of mandamus against the Board of Deputy State Supervisors and Inspectors of Election for Cuyahoga county. Evidence disclosed that Witt filed with this board a nominating petition containing more than 500 signatures of electors of the first councilmanic district as established by the charter of Cleveland. This petition was filed on June 23, 1923. Section 160 of the City Charter provided that within 10 days after the filing of a nominating peti-

tion, the board should notify the person named therein as a candidate, whether the petition is properly signed, whether the petitioners are eligible persons, etc. GC. 5005 provided that unless objections to the nominating papers were filed within five days after the filing of the petition, the petition should be deemed regular. As the board failed and refused to notify Witt as to whether his petition was satisfactory, he filed an application for a writ of mandamus to compel them to so do. Witt contended that as soon as the petition was presented to the board is should be deemed "filed," while the board contended that the presentation of the petition was not a filing, and should not be so considered until the Board of Elections accepted it and marked it "filed." In granting the application for a mandamus, the Court of Appeals held:

1. When a relator presented his nominating petition to the Board of Elections at their office, it was not within their power to refuse to accept it, but must be deemed to have been filed as of that time.

2. As no objections were filed to the petition within five days, as provided by statute, it was the duty of the board to consider the same valid because in apparent conformity with the provisions of the law a notice of that validity should have been given to the petitioner within 10 days.

Attorneys—Friebolin & Byers, for Witt; Edward C. Stanton and E. J. Thobaben, for McDonough et al.

## No. 705

### BUSCHELMANN v. CINCINNATI

Ohio Appeals, 1st District, Hamilton County
June 4, 1923. No. 2165
No. 2165. Decided June 4, 1923

This opinion has not been published except in Abstract.

### 166. ERROR.

What constitutes reversible—If two issues submitted to jury, such as a finding of either will entitle to judgment—Not to be reversed for incorrect charge on measure of damages.

HAMILTON, J.

#### Epitomized Opinion

Defendant City permitted logs to get into a stream and high water carried the logs against a bridge on property leased by plaintiff, destroying it. The defense was a denial of negligence and also of the defense of vis major. The jury returned a general verdict for defendant. Plaintiff brought the case to this court, contending that the trial court erred in charging the jury on the measure of damages. The bill of exceptions related to that point only. Held:

An incorrect charge on the measure of damages would not warrant a reversal. If two issues submitted to the jury are such that a finding of either in favor of the defendant will entitle him to judgment, the judgment will not be reversed for error in the instructions to the jury relating to one issue. Judgment affirmed.

Cushing and Buchwalter. JJ., concur.

Attorneys—Hunt. Bennett & Utter, for plaintiff; Saul Zielonka, City Solicitor, and Frank K. Bowman, Asst. City Solicitor, for defendant.